IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WALTER RAY REDMOND,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>UTAH WORKFORCE COMMISSION, et al.,<br><br>　　　　　Defendants. | **REPORT & RECOMMENDATION**<br><br>Case No: 2:07-CV-928 DAK<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge David Nuffer |

　　　　Plaintiff Walter Ray Redmond filed a complaint under 42 U.S.C. §§ 1983 and 1985 naming as defendants the "Utah Workforce Commission," three Utah Workforce Commission employees, the "Salt Lake City Police Dept.," and "Salt Lake Sheriff's." Construing Redmond's complaint liberally,[1] the court assumes that by "Utah Workforce Commission," Redmond intended to sue the Utah Department of Workforce Services (DWS).

　　　　Redmond has been granted permission to proceed without prepayment of fees under 28 U.S.C. § 1915. Section 1915(e) provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . "fails to state a claim on which relief may be granted."[2] In making this determination, the court examines the specific allegations in the complaint to see whether they plausibly support a legal claim for relief.[3] In doing so, the court accepts all well-

---

[1] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[2] 28 U.S.C. § 1915(e)(2)(B).

[3] *Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008); *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 & n.2 (10th Cir. 2007).

pleaded facts as true, construes the complaint liberally, and draws all reasonable inferences in favor of the plaintiff.[4]

The court has screened Redmond's complaint under this section and has determined that he should be allowed to proceed against the DWS defendants (DWS itself and the three employees). Therefore, the court will order the U.S. Marshals Service effect service on these defendants. The court concludes, however, that the complaint fails to state a claim against the "Salt Lake City Police Dept." and "Salt Lake Sheriff's." Thus, the complaint against them should be dismissed.

The core allegation of Redmond's complaint is that the DWS defendants conspired to deny him benefits for which he was eligible, and otherwise discriminated against him, based at least in part on race. The only references to the police concern Redmond's arrest at the DWS office. According to the complaint, one morning when Redmond was at DWS to seek employment, DWS employees found a "bogus warrant" for his arrest in the computer and called police. The complaint further states that DWS employees told police that Redmond was a threat, thus causing the police to use "excessive force." The complaint also alleges that during Redmond's arrest, DWS employees observed the "excessive force."[5] It should be noted that Redmond's complaint does not list "excessive force" as a specific claim. Even if it did,

---

[4] *Gonzales v. City of Castle Rock*, 366 F.3d 1093, 1096 (10th Cir. 2004), *rev'd on other grounds*, 545 U.S. 748 (2005); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[5] Redmond also states that the police already had illegally towed his vehicle. It does not appear, however, that Redmond intended this as an allegation of police misconduct. Rather, it seems to be offered as an explanation as to why he needed money for bus fare while seeking employment.

however, Redmond has provided no details to support a claim of excessive force against the police officers or agencies involved.

"[A] complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'"[6] The burden is on the plaintiff to provide sufficient facts (taken as true) to suggest that he is entitled to relief.[7] "Factual allegations must be enough to raise a right to relief above the speculative level."[8] That is, the facts must show, not merely assert, that the plaintiff is entitled to relief.[9] Here, Redmond provides no facts whatsoever to support a claim of excessive force against the police. He merely asserts, in a conclusory manner, that he was subjected to excessive force. Such conclusory allegations are insufficient to state a claim for relief. Accordingly, the complaint against the police defendants should be dismissed without prejudice.

## RECOMMENDATION

The complaint fails to state a claim upon which relief may be granted against "Salt Lake City Police Dept." or "Salt Lake Sheriff's." Therefore, the complaint against these defendants should be dismissed without prejudice under 28 U.S.C. § 1915(e).

## NOTICE

Copies of this Report and Recommendation are being mailed to the parties, who are hereby notified that they have the right to object to the Report and Recommendation. The

---

[6]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting *Bell Atlantic Corp. v. Twombley*, 127 S. Ct. 1955, 1974 (2007)).

[7]*Robbins*, 519 F.3d at 1247.

[8]*Id.* (quoting *Twombley*, 127 S. Ct. at 1965).

[9]*Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

parties are further notified that they must file any objections to the Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it.  Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

October 6, 2008.

BY THE COURT:

_____
David Nuffer
United States Magistrate Judge