IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WALTER RAY REDMOND,<br><br>       Plaintiff,<br><br>   vs.<br><br>UTAH WORKFORCE COMMISSION, et al.,<br><br>       Defendants. | **REPORT & RECOMMENDATION**<br><br>Case No: 2:07-CV-928 DAK<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge David Nuffer |

Plaintiff Walter Ray Redmond filed suit under 42 U.S.C. §§ 1983 and 1985 alleging that the Utah Department of Workforce Services (DWS),[1] and three of its employees, conspired to deny him benefits for which he was eligible, at least in part because of his race.[2] Redmond seeks $1 million in damages. Defendant DWS has filed a motion to dismiss[3] on grounds of Eleventh Amendment immunity, and that it is not a "person" within the meaning of sections 1983 and 1985. Redmond has not filed an opposition to the motion. The court concludes that DWS is immune from suit, and Redmond's claims against it should be dismissed.

---

[1] The complaint refers to this defendant as the "Utah Workforce Commission." Construing the pro se complaint liberally, *Haines v Kerner*, 404 U.S. 519, 520-21 (1972), the court assumes that Redmond intended to sue the Utah Department of Workforce Services.

[2] The complaint named additional defendants, but Redmond's claims against them have been dismissed. (Docket no. 73, filed November 25, 2008.)

[3] Docket no. 96, filed January 21, 2009.

Redmond has been granted permission to proceed without prepayment of fees under 28 U.S.C. § 1915.[4] Section 1915(e) provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[5] In making this determination, the court examines the specific allegations in the complaint to see whether they plausibly support a legal claim for relief.[6] In so doing, the court accepts all well-pleaded facts as true, construes the complaint liberally, and draws all reasonable inferences in favor of the plaintiff.[7]

DWS asserts that it is immune from suit on Eleventh Amendment grounds. It is well-settled that unless the state consents, the Eleventh Amendment bars suit against a state and its agencies in federal court.[8] "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages."[9] In determining whether an entity is entitled to Eleventh Amendment immunity, the considers whether it is an "arm of the state."[10] In making this determination, the court considers the nature of the entity created by state

---

[4] Docket no. 56, filed July 17, 2008.

[5] 28 U.S.C. § 1915(e)(2)(B).

[6] *Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008); *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007).

[7] *Archuleta v. Wagner,* 523 F.3d 1278, 1283 (10th Cir. 2008); *Ruiz v. McDonnell,* 299 F.3d 1173, 1181 (10th Cir. 2002).

[8] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Regents of the University of Cal. v. Doe*, 519 U.S. 425, 429 (1997).

[9] *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007).

[10] *Id.* at 1253.

law. Factors to be considered include whether state law identifies the entity as an agency of the state, the degree of autonomy it is accorded under state law, its finances, and whether it is primarily concerned with state or local affairs.[11]

In this case, it is clear that DWS is an arm of the state, a fact that has not been disputed by Redmond. As Defendant points out, DWS is an entity created by state law.[12] It has no autonomy, and is controlled by the state. For example, its chief administrative officer, the executive director, is appointed by the governor with the consent of the Utah State Senate.[13] In addition, its finances are controlled by the State. Each year, DWS is required to submit a budget to the Governor for inclusion in the Governor's budget to be submitted to the legislature.[14] Similarly, State law allows DWS to establish a schedule of fees for its services, which must be approved by the state legislature.[15] Finally, DWS administers statewide programs, rather than those concerned with local affairs. Accordingly, DWS is an arm of the State of Utah, entitled to Eleventh Amendment immunity.

DWS is also correct in its argument that this suit is barred because a state agency sued for damages is not a "person" under sections 1983 and 1985.[16]

---

[11] *Id.*

[12] Utah Code Ann. § 35A-1-103.

[13] Utah Code Ann. § 35A-1-201.

[14] Utah Code Ann. § 35A-1-105.

[15] Utah Code Ann. 35A-1-106.

[16] *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005).

## RECOMMENDATION

Redmond's claims against the Utah Department of Workforce Services should be dismissed under 28 U.S.C. § 1915(e) because they are barred by the Eleventh Amendment, and because the Department is not a person for purposes of section 1983 or 1985. Accordingly, the motion to dismiss should be granted.[17]

## NOTICE

Copies of this Report and Recommendation are being mailed to the parties, who are hereby notified that they have the right to object to the Report and Recommendation. The parties are further notified that they must file any objections to the Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

July 20, 2009.

BY THE COURT:

*[signature]*
David Nuffer
United States Magistrate Judge

---

[17] Docket no. 96, filed January 21, 2009.